**MARCIA HURD**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989


ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>BASIL PETER HERBST,<br><br>  Defendant. | CR 07-103-BLG-JDS<br><br><br>OFFER OF PROOF |
|---|---|

Comes now, Marcia Hurd, Assistant U.S. Attorney for the District of Montana and hereby files the United State's Offer of Proof.

## THE CHARGE

The defendant, BASIL PETER HERBST, is charged by Indictment with ten counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) (Counts I, III, V, VII, IX, XI, XIII, XV, XVII and XVIII); nine counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(b) (Counts II, IV, VI, VIII, X, XII, XIV, XVI, XIX); one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count XX); one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count XXI); one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count XXII); and one count of Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B) (Count XXIII).  He is also charged with a related forfeiture count.

## PLEA AGREEMENT

There is no plea agreement in this case.  Defendant will plead guilty to Counts excepting XVIII (Sexual Exploitation), XIX (Sexual Exploitation) and XX (Distribution) and admit the forfeiture allegation.

## ELEMENTS OF THE CHARGES TO WHICH HE WILL ENTER A PLEA

<u>SEXUAL EXPLOITATION OF CHILDREN - 2251(a) Counts I, III, V, VII, IX, XI, XIII, XV, XVII</u>

To be found guilty of the offense of Sexual Exploitation of Children as charged in the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

>   <u>First,</u> at the time, the victim was under the age of eighteen years;
>
>   <u>Second,</u> the defendant employed, used, persuaded, induced, enticed or coerced the minor to take part in or had a minor assist any other person to engage in sexually

>   explicit conduct for the purpose of producing any visual
>   depiction of such conduct; and
>
>   <u>Third</u>, the visual depiction was produced using materials that
>   had been mailed, shipped, or transported across state lines
>   or in foreign commerce.

### SEXUAL EXPLOITATION OF CHILDREN - 2251(b) Counts II, IV, VI, VIII, X, XII, XIV, XVI

To be found guilty of the offense of Sexual Exploitation of Children as charged in the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

>   <u>First,</u> at the time, the victim was under the age of eighteen
>   years;
>
>   <u>Second,</u> the defendant was the parent, legal guardian or
>   person having custody or control of the minor;
>
>   <u>Third,</u> the defendant knowingly permitted such minor to engage in
>   sexually explicit conduct for the purpose of producing any visual depiction
>   of such conduct; and
>
>   <u>Fourth</u>, the visual depiction was produced using materials
>   that had been mailed, shipped, or transported across state
>   lines or in foreign commerce.

### TRANSPORTATION OF CHILD PORNOGRAPHY - 2252A(a)(1) Count XXI

To be found guilty of the offense of Transportation of Child Pornography as charged in the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

>   <u>First,</u> that defendant knowingly transported a visual depiction in interstate
>   or foreign commerce by any means, including a computer;
>
>   <u>Second,</u> that the production of such visual depiction involved
>   the use of a minor engaging in sexually explicit conduct;

<ins>Third</ins>, that such visual depiction was of a minor engaged in sexually explicit conduct;

<ins>Fourth</ins>, that defendant knew that such visual depiction was of sexually explicit conduct; and

<ins>Fifth</ins>, defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

### RECEIPT OF CHILD PORNOGRAPHY - 2252A(a)(2) Count XXII

To be found guilty of the offense of Receipt of Child Pornography as charged in the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

<ins>First</ins>, that defendant knowingly received a visual depiction in interstate or foreign commerce by any means, including a computer;

<ins>Second</ins>, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

<ins>Third</ins>, that such visual depiction was of a minor engaging in sexually explicit conduct;

<ins>Fourth</ins>, that defendant knew that such visual depiction was of sexually explicit conduct; and

<ins>Fifth</ins>, defendant knew that at least one of the person engaged in sexually explicit conduct in such visual depiction was a minor.

### POSSESSION OF CHILD PORNOGRAPHY - 2252A(a)(5)(B) Count XXIII

To be found guilty of the offense of Possession of Child Pornography as charged in the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

<ins>First</ins>, that defendant knowingly possessed computer disks or any other material which defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

<u>Second,</u> defendant knew the visual depictions contained in the computer disks or any other material contained minors engaged in sexually explicit conduct;

<u>Third,</u> defendant knew that production of such visual depictions involved use of minor in sexually explicit conduct; and

<u>Fourth,</u> that each visual depiction had been either

(a) mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or

(b) produced using material that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

<u>FORFEITURE - 2253(a)(3)</u>

For property to be forfeited as charged in the Indictment, the United States must prove each of the following elements beyond a reasonable doubt:

That certain property or proceeds were used to facilitate the commission of the offenses in Counts I-XVII and XXI-XXXIII of the Indictment.

**PENALTY**

The charges in Counts I through XVII each carry a mandatory minimum of fifteen years and a maximum of 30 years imprisonment, $250,000 fine, and a lifetime of supervision. The charges in Count XXI and XXII each carry a mandatory minimum of five years and a maximum of 20 years imprisonment, $250,000 fine, and a lifetime of supervision. The charge in Count XXIII carries a maximum of 10 years imprisonment, $250,000 fine and a lifetime of supervision. The forfeiture carries a forfeiture of the property specified.

**ANTICIPATED EVIDENCE**

If this case were tried in United States District Court, the United States would prove the following:

The investigation began on July 9, 2007 when a foster family reported concerns about defendant Basil Peter Herbst and their adult mildly handicapped foster daughter. In that related investigation, on July 24, 2007, Herbst gave consent for Billings Police Department Officers to review his laptop computer for images of child pornography and reported that he owned a Kodak digital camera and a digital video camera.

On July 25, 2007, with the assistance of computer forensic examiners, FBI Special Agent Dan Vierthaler and Billings Police Department Detective Keith Dukart utilized Image Scan software to view images stored on the hard drive of Herbst's laptop computer. While reviewing graphic images stored on the computer hard drive, Detective Dukart discovered 40 images of a young juvenile female. The photographs depicted nudity, to include the lascivious exhibition of the girl's genitalia. Several photographs also depicted the girl performing fellatio on a white adult male who had brown pubic hair. At least three additional photographs depicted vaginal intercourse between the girl and a white adult male who had brown pubic hair. Although the adult male's face was not depicted in those pictures, he was clearly wearing a silver thumb ring and a tattoo appeared on his abdomen above the genitals.

Further investigation revealed that the pictures were taken by Herbst with a Kodak digital camera. Another BPD Officer familiar with Herbst and his family identified the young girl in the pornographic pictures as as Herbst's daughter, B., d/o/b –/–/94. The officer reported that Herbst has many tattoos and when the officer interviewed

Herbst on July 24, 2007 during this investigation, he was wearing a silver thumb ring on his left hand.

As the investigation continued, the agents found numerous sexually explicit images and several movies of the same girl taken between approximately 2003 or 2004 and 2007.  SA Vierthaler, Detective Dukart and ICE SA Jason Pawlowski were able to identify various locations and hotels where Herbst produced the child pornography images.  Herbst took the pictures in various locations including at an outdoor location in Billings, in a vehicle somewhere in the county outside of Billings, at the Dude Rancher Lodge in Billings, at the Kelly Inn in Billings, by the Yellowstone River in Billings, at the LaQuinta Inn in Great Falls, at the Quality Inn in Dickinson, North Dakota, at his residence at 1124 Avenue E in Billings and elsewhere.  The agents also found other sexually explicit images of another young female relative of Herbst's, K., d/o/b –/–/96, that he had taken at several locations as well.  The images depicted K. engaged in a lascivious exhibition of her genitals as well as involved in performing fellatio on Herbst.  Herbst produced the images using materials that traveled in interstate or foreign commerce and the images themselves traveled as well.  Sexually explicit images of B. have been found in two other child pornography cases investigated by the FBI and BPD in Billings, and images of B. have been seen by employees of the National Center for Missing and Exploited Children during their analysis of images in computer cases from other jurisdictions.

Herbst transported the child pornography images from Montana to North Dakota and back during his travels.  In addition, Herbst had other child pornography images that he had received via the Internet and saved to his computer from a date unknown

and continuing through July 26, 2007, when his computer was seized. Herbst used the computer equipment detailed in the forfeiture allegation to commit the offenses described above. Herbst was a parent, legal guardian or person having custody or control over the two girls when the conduct occurred. Many of the images were taken by Herbst when he was home from Iraq where he was in the military.

The United States would present testimony at trial from various witnesses, law enforcement officers and computer forensic examiners. Various items of evidence including images and movies of child pornography would be introduced at trial.

DATED this 15th day of February, 2008.

                WILLIAM W. MERCER
                United States Attorney

                /s/ MarciaHurd
                MARCIA HURD
                Assistant U.S. Attorney
                Attorney for Plaintiff