FILED

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff - Appellee,<br><br>   v.<br><br>BASIL PETER HERBST,<br><br>             Defendant - Appellant. | No. 08-30434<br><br>D.C. No. CR-07-103-JDS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Argued and Submitted November 2, 2009
Portland, Oregon

Before: FISHER and PAEZ, Circuit Judges, and MOSKOWITZ, District Judge.[**]

Basil Peter Herbst ("Defendant") appeals the district court's judgment imposing a sentence of seventy years for his conviction of nine counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a), eight counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(b), one count of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(2), one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one related count of criminal forfeiture under 18 U.S.C. § 2253(a)(3). We affirm.

Defendant challenges his sentence as unreasonable. "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). The appellate court reviews only whether the sentence was reasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "[O]nly a procedurally erroneous or substantively unreasonable sentence will be set aside." *Id*.

The district judge did not commit any procedural errors in imposing the seventy-year sentence because he sufficiently considered and explained the sentencing factors under 18 U.S.C. § 3553(a). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). Where a defendant presents "nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those

2

arguments." *Id.* at 357. The judge's explanation may be brief or it may be extensive, depending on the circumstances of the case. *Id.*

Here, although the district judge's explanation was not lengthy, the record demonstrates that the judge carefully considered the factors set forth in § 3553(a). After initially acknowledging the applicable Guidelines range as the starting point, the judge proceeded to address several § 3553(a) factors as he explained why he chose to reject the Defendant's sentence proposal and adopt a Guidelines sentence. The judge did not specifically address every § 3553(a) factor, but a "district court need not tick off each of the § 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992. Thus, the judge did not abuse his discretion by imposing a procedurally improper sentence.

We also hold that the Defendant's sentence was substantively reasonable. An appellate court must "give substantial deference to the district court's determination because it is better situated . . . to determine an appropriate sentence." *United States v. Carter*, 560 F.3d 1107, 1120 (9th Cir. 2009). Furthermore, a "correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Id.* (quoting *Carty*, 520 F.3d at 988). As Defendant concedes, the district court correctly calculated the Guidelines range. The district court reasonably concluded that a seventy-year sentence was necessary to protect the public and to reflect the seriousness of the crime. Nothing in the

Defendant's circumstances "is so atypical as to put him outside the 'minerun of roughly similar' cases considered by the Sentencing Commission in formulating the Guidelines, nor are they 'so special as to render [his] overall sentence unreasonable.'" *Carter*, 560 F.3d at 1121–22 (quoting *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008)).  Accordingly, the district court did not abuse its discretion in imposing the within-Guidelines sentence.

**AFFIRMED.**